# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | CASE NUMBER: 8:12-cr-280-T-23MAP |
| | USM NUMBER: 55385-018 |
| vs. | |
| PRIA M. GUNN | Defendant's Attorney: John Grant, III |

THE DEFENDANT:

__X__  pleaded guilty to count one of the information.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1951(a)(1), (a)(2), and 1954(c) | Conspiracy to engage in trafficking of a minor and/or adults by means of force, threats of force and fraud and/or coercion. | May, 2011 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: December 3, 2012

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: December 4th, 2012

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: PRIA M. GUNN | Judgment - Page 2 of 6 |
| Case No.: 8;12-cr-280-T-23MAP | |

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **forty-six (46) months**.

_X_  The court makes the following recommendations to the Bureau of Prisons:  Estill or Jesup.

_X_  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons by January 15, 2013.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

__ Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| Defendant: PRIA M. GUNN | Judgment - Page 4 of 6 |
|---|---|
| Case No.: 8;12-cr-280-T-23MAP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

1. Defendant shall participate in a mental health program specializing in sex offender treatment, follow the probation officer's instructions with respect to that program, and contribute to the costs of that program in accordance with the applicable sliding scale.

2. The defendant shall register with the State of Florida as a sexual offender and also register in any state where she resides, is employed, works, is a student or the like as a directed by the probation officer.

3. The defendant shall remain in compliance with the requirements of the state sexual offender program.

Defendant: PRIA M. GUNN  
Case No.: 8;12-cr-280-T-23MAP

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **sixty (60) months.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: PRIA M. GUNN | | Judgment - Page 5 of 6 |
| Case No.: 8;12-cr-280-T-23MAP | | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | waived | |

    The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

—  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

–  Restitution amount ordered pursuant to plea agreement $ _____.

–  The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

–  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    –  the interest requirement is waived for the ___ fine ___ restitution.

    –  the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   PRIA M. GUNN                                      Judgment - Page  6  of  6
Case No.:    8;12-cr-280-T-23MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   **X**   Lump sum payment of $ 100.00 due immediately.

     __ not later than _____, or

     __ in accordance __ C, __ D, __ E or __ F below; or

B.   __   Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C.   __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   __   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   __   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_   The defendant shall pay the cost of prosecution.

_   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States: Pursuant to the attached order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:12-cr-280-T-23MAP

PRIA M. GUNN
_____/

### PRELIMINARY ORDER OF FORFEITURE

Gunn pleaded guilty to committing, and was adjudged guilty of committing, the offense charged in count one of the information – conspiracy to engage in sex trafficking of a minor by means of force, threats of force, fraud, and coercion in violation of 18 U.S.C. § 1594(c).

The United States moves (Doc. 58) under 18 U.S.C. § 1594(d)(2) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for entry of a preliminary order of forfeiture, which upon entry shall be a final order as to Gunn's right, title, and interest in:

1. Motorola cell phone, gray, Serial Number 354519015926109;

2. Kyocera cell phone, purple, MEID - (Identifier) 268435457813795480;

3. Nokia cell phone, gray, Serial Number 012447007237885;

4. LG cell phone, gray, Model Number LG290CM, Serial Number 003CYSF0394006;

5. Samsung cell phone, blue/black, Model Number SCH-U350, Serial Number A000001758CB43;

6. Nokia cell phone, gray, Serial Number 011886009191007;

7. Samsung cell phone, pink/silver, Model Number SPH-M910, (Identifier) DEC 268435459602899023;

8. Huawei cell phone, blue/black, Model Number M860, Serial Number 2XA7NB1111820172;

9. Kyocera cell phone, purple, MEID (Identifier) 268435457814421442;

10. Sanyo Boost Mobile, pink, Model Number SCP2700,(Identifier) DEC 268435457806477995;

11. Nokia cell phone, gray, Model Number RH-121, (another identifier) 0580796JR2331 012447007237828;

12. Kyocera cell phone, purple, MEID (identifier) 268435457814458983;

13. Samsung cell phone, black, Model Number SCH-R211, Serial Number 268435458016272313;

14. Samsung cell phone, black, Model Number SGH-T105G, Serial Number RPNZ544660F;

15. Kyocera cell phone, purple, Serial Number 268435457814661860;

16. Samsung cell phone, black, Model Number SGH-T105G, Serial Number RPJZ347631L;

17. Samsung cell phone, black, Model Number SCH-U360, Serial Number A0000024FC7916;

18. Samsung cell phone, black, Model Number SCH-U360, Serial Number A000002416314C;

19. Samsung cell phone, black, Model Number SCH-U360, Serial Number A00000298C00A0;

20. Samsung cell phone, black, Serial Number A000001DD938FC;

21. HP Pavilion Desktop Tower, Serial Number CNH72418HB;

22. HP Compaq Laptop, Model Number 6910P, Serial Number CND8251H8V;

23. Kodak digital camera, silver, Serial Number KCGHP82700673;

24. Polaroid digital camcorder, red, Model Number DVF-130, Serial Number HR901585130089025;

25. Kodak 8GB SD card, Serial Number 7235082ZC; and

26. Insignia media player, black, MP3 Player, Serial Number B3BB607470040016.

The United States has established the requisite nexus between the above-identified property and the conspiracy charged in count one of the information. Because the United States is now entitled to possession of the property, the motion is

**GRANTED.** Gunn's right, title, and interest in the property is forfeited to the United States for disposition according to law.

The court retains jurisdiction to enter any order necessary for the forfeiture and disposition of the property and to address any third-party claim that may be asserted.

ORDERED in Tampa, Florida, on October 31, 2012.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE